UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| THE DOW CHEMICAL COMPANY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:06-CV-739 CAS |
| G.S. ROBINS & COMPANY, | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to dismiss Counts I through III of defendant's counterclaim for failure to state a claim upon which relief can be granted. The motion is fully briefed and ready for a ruling. The Court will grant the motion in part, and deny it in part, for the reasons set forth below.

**I.  BACKGROUND**

Plaintiff Dow Chemical Company ("Dow") is a Michigan corporation which manufactures and sells various chemicals and other products. Defendant G.S. Robins ("Robins") is a Missouri corporation which buys and distributes chemicals, including those sold from Dow.

In its complaint, Dow alleges that in 2002 Dow and Robins entered into a Distributor Agreement ("Distributor Agreement" or "Agreement") which governed the sale of chemical products from Dow to Robins. Pursuant to the Agreement, Robins became an authorized distributor of certain specified chemicals and chemical products manufactured by Dow and Robins was allowed to purchase products under the terms and conditions specified in the Distributor Agreement. The Agreement provides that it shall be governed by and construed in accordance with the law of the

State of Michigan, without regard to Michigan choice of law rules. Dow attached to its complaint a copy of the Distributor Agreement.

Robins placed orders with Dow for the purchase of products at various times in May and June, 2005. Dow shipped the ordered products in accordance with the purchase orders. These orders and shipments were made subject to the terms of the Distributor Agreement. Robins or its designees received and accepted the products shipped by Dow. Dow invoiced Robins for each purchase order, and payment in full for the balance of each invoice was due 30 days after the invoice date. Dow asserts Robins has failed, and persists in its refusal, to pay on the invoices which total in excess of $300,00.00. On information and belief, Dow asserts Robins resold to third parties the products for which it is indebted to Dow. Dow asserts claims for breach of contract, action on account, and unjust enrichment or quantum meruit.

Robins answered the complaint and filed a counterclaim. Robins alleges that Dow and Robins' business relationship was formed eighty-two years ago, that the relationship represented Robins' oldest vendor relationship, and that the vast majority of this relationship has been governed by the parties' course of dealing and course of conduct.

Robins asserts that Dow did not end its relationship with Robins at the end of the 2002 contract. Instead, on February 18, 2005, Dow instituted a new program called the "Dow Chemical Channel Partnership Program ("Partnership Program"), a chemical distributorship program in which Dow represented that it was committed to collaborating with [Robins] to help create growth and profit maximizing opportunities to Robins. In its Partnership Program presentation, Dow represented that Robins' inclusion in the partnership program mean that it set the company apart and provides[s] objective evidence to customers of [Robins'] commitment to delivering outstanding Dow products and services. Dow represented in the Partnership Program that the purpose of the program was "to

develop strategic partnerships with distributors that deliver consistent success in the implementation of Dow business strategies" and "to improve the business results of both Dow and its distributors through integration of our business models resulting in improved efficiencies." Robins attached a copy of the Partnership Program to its amended answer and counterclaim.

Robins alleges Dow also promised in the Partnership Program that it would implement a business evaluation process for distributors which would include "bi-annual feedback report covering both corporate & business performance." Furthermore, Dow promised that "business performance issues will have a six-month evaluation period" and any "de-authorization" of the sale of a chemical product line for a distributor would have a "six-month review prior to de-authorization." Dow also promised in its Partnership Program that consistent rules would be applied which would let Robins, as a Dow Partner, to be measured against consistent business rules providing all participants with a fair and level playing field.

Robins asserts that despite the agreements and understanding reached between the parties during their relationship and the representations and promises of the Partnership Program to Robins, on March 14, 2005, less than one month after the Partnership Program, Dow notified Robins that it was terminating its relationship with Robins in its entirety, for all lines of business. Robins asserts in Counts I through III counterclaims for promissory estoppel, equitable estoppel, and breach of contract by wrongful termination.

Dow now moves to dismiss Counts I through III, arguing the Distributor Agreement expired by its own terms on December 31, 2004, and, by definition, was not terminated, thereby precluding any claim for wrongful termination. Dow further argues the Agreement expressly provides it may be terminated without cause on notice by either party, therefore any claim by G.S. Robins that prior

statements or a course of dealing created a "for cause" termination requirement is barred as a matter of law by the parol evidence rule.

## II. DISCUSSION

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. A complaint shall not be dismissed for failure to state a claim for which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim entitling her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of her claim. Id.; see also Neitzke v. Williams, 490 U.S. 319, 327 (1989). When ruling on a motion to dismiss, this Court must take the allegations of the complaint as true and liberally construe the complaint in a light most favorable to the plaintiff. Kottschade v. City of Rochester, 319 F.3d 1038, 1040 (8th Cir.), cert. denied, 540 U. S. 825 (2003). The Court is, however, "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." Wiles v. Capitol Indem. Corp., 280 F.3d 868, 870 (8th Cir. 2002).

Ordinarily, only the facts alleged in the complaint are considered in ruling on a 12(b)(6) motion, but materials attached to the complaint as exhibits may be considered in construing the sufficiency of the complaint. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). The Court may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." In re Syntex Corp. Securities Litigation, 95 F.3d 922, 926 (8th Cir. 1996) (citation omitted). "In a case involving a contract, the court may examine the contract documents in deciding a motion to dismiss." See In re K-Tel Int'l, Inc. Sec. Litig., 300 F.3d 881, 889 (8th Cir. 2002).

**Count I - Promissory Estoppel**

In Count I, Robins asserts that it was promised by Dow in the course of their relationship that Dow would not terminate Robins as a distributor without cause, and that Dow's Partnership Program confirmed the promise that Dow would not terminate Robins except for cause. Robins asserts that Dow promised that no adverse action would be taken against Robins with respect to any line of business until at least a six-month evaluation period and opportunity for feedback by the distributor. Robins asserts that induced by Dow's promise, it detrimentally relied upon the promise and made significant, continuous investments throughout the 82-year old relationship in its operations to market and package the products in accordance with Dow's specifications.

Dow argues Robins' promissory estoppel claim amounts to nothing more than an attempted end-run around the express terms of the governing Agreement which provides for termination without cause, and it is well settled that promissory estoppel claims are unavailing in such circumstances. Robins opposes the motion, contending that the Partnership Program confirmed the parties' long-standing agreement that Robins' distributorship would not be terminated without good cause.

The parties do not dispute that Michigan law is controlling. Under Michigan law, promissory estoppel requires that the promise relied upon be "definite and clear." McMath v. Ford Motor Company, 77 Mich.App. 721, 726, 259 N.W.2d 140 (1977). The elements of promissory estoppel are: (1) a promise, (2) that the promisor should reasonably have expected to induce action of a definite and substantial character on the part of the promisee, (3) which in fact produced reliance or forbearance of that nature,(4) in circumstances such that the promise must be enforced if injustice is to be avoided. Id. at 725, 259 N.W.2d 140. The language alleged by Robins as the basis for the promissory estoppel claim does not rise to the level of "definite and clear" promises made by Dow. Nothing in the Partnership Program materials can be construed as a clear and definite promise that Dow would only terminate Robins for cause. The Partnership Program merely describes the benefits

5

of becoming a channel partner and does not purport to extend any of the benefits contained in it to Robins. Cf. Lieberman v. A & W Restaurant, Inc., 2003 WL 21252008 (D. Minn. May 23, 2003) (applying Michigan law on motion to dismiss). The Court concludes Robins has not properly alleged a promissory estoppel claim, and therefore Dow's motion to dismiss Count I will be granted.

**Count II - Equitable Estoppel**

In Count II of its counterclaim, Robins pleads that it is entitled to relief under a theory of equitable estoppel. Dow moves to dismiss the count, arguing equitable estoppel is not a recognized cause of action.

Under Michigan law, equitable estoppel is not an independent cause of action, but instead a doctrine that may assist a party by precluding the opposing party from asserting or denying the existence of a particular fact. Equitable estoppel may arise where (1) a party, by representations, admissions, or silence intentionally or negligently induces another party to believe facts, (2) the other party justifiably relies and acts on that belief, and (3) the other party is prejudiced if the first party is allowed to deny the existence of those facts. Conagra, Inc. v. Farmers State Bank, 237 Mich.App. 109, 140-141, 602 N.W.2d 390 (1999). Although there may be occasional aberrant opinions, the general rule is that equitable estoppel is a doctrine, not a cause of action. In summary, equitable estoppel is a doctrine that might assist plaintiff; it is not a cause of action and therefore provides no remedy such as damages. Hoye v. Westfield Ins. Co., 194 Mich.App. 696, 487 N.W.2d 838 (Mich. App. 1992).

The same is true in Missouri. Longmier v. Kaufman, 385, 389 (Mo.App.1983) (equitable estoppel is a shield and is not available as a sword). As stated in Longmier, the equitable estoppel doctrine "cannot be used to create a cause of action, if the action did not otherwise exist. Its purpose is not to bring about a gain but to protect from loss." Id. (quoting Shaffer v. Hines, 573 S.W.2d 420,

422 (Mo. App.1978)). The general rule is that an estoppel does not itself give a cause of action. Accordingly the Court will dismiss Count II of Robins' counterclaim.

### Count III - Breach of Contract by Wrongful Termination

In Count III of its counterclaim Robins asserts Dow breached its contract with Robins by wrongfully terminating Robins without cause and by terminating without an opportunity to cure. In its motion to dismiss, Dow argues the Distributor Agreement between the parties expired of its own terms and was not terminated by Dow, thus precluding any finding of wrongful termination. Robins contends that the Partnership Program constituted an agreement between the parties that continued the parties' longstanding distributor relationship and that Dow misses the mark in claiming that the 2002 Distributor Agreement was the final expression of the relationship between the parties.

The Court notes that the cases relied on by Dow were decided on motions for summary judgment, which require a different legal standard than the standard applied when ruling on a motion to dismiss. Applying the standard for evaluating a motion under Rule 12 (b)(6), the Court concludes Robins has sufficiently pleaded its claim for breach of contract. Accordingly, Dow's motion to dismiss count III will be denied.

### III. CONCLUSION

For the foregoing reasons, the Court will grant Dow's motion to dismiss as to counts I and II of Robins counterclaims. The Court will deny the motion as to Count III.

Accordingly,

**IT IS HEREBY ORDERED** that Dow Chemical's motion to dismiss Counts I through III of Robins' counterclaim for failure to state a claim upon which relief can be granted is **GRANTED in part and DENIED in part**. (Doc. 24)

**IT IS FURTHER ORDERED** that Counts I and II of Robins' counterclaim are dismissed.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 5th day of December, 2006.